UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ALBERTO CARDONA

    Plaintiff,

v.

MONTEREY FINANCIAL SERVICES, INC., a California corporation

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, ALBERTO CARDONA, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, MONTEREY FINANCIAL SERVICES, INC., hereinafter "Defendant", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA"), and in support thereof alleges as follows:

### JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), and §15 U.S.C. §1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Broward County, Florida and the Defendant is a California corporation whose transacts business in Broward County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

4. Plaintiff, Alberto Cardona is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant, MONTEREY FINANCIAL SERVICES, INC., is a California corporation, and has its principal place of business in Oceanside, California where it engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

## BACKGROUND

6. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

7. Plaintiff is alleged to have incurred a financial obligation which was placed for collection with the Defendant. Such amounts is a "debt" as defined by 15 U.S.C. §1691a(5).

8. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

9. Defendant contacted the Plaintiff by telephone.

10. The telephone calls were placed by the Defendant.

11. "Andy", in an effort to collect the alleged debt on behalf of Defendant, telephoned Plaintiff and left a voicemail message (i.e. communication) requesting payment as follows:

    *"This message is for Alberto Cardona. This is Andy again from MCS regarding (unintelligible). Once again, there was a problem processing Mr. Cardona. I need a return call today. You can reach me at 760-639-3584. I do have 24 hour voicemail."*

12. "Andy", in an subsequent effort to collect the alleged debt on behalf of Defendant, telephoned Plaintiff and left a voicemail message (i.e. communication) requesting payment as follows:

    *"This message is for Alberto and Jacqueline Cardona. This is Andy again from MCS regarding (unintelligible). I've left many messages with no response. I need a return call. You can reach me at 760-639-3584. I do have 24 hour voicemail."*

13. "Andy", in an subsequent effort to collect the alleged debt on behalf of Defendant, telephoned Plaintiff and left a voicemail message (i.e. communication) requesting payment as follows:

    *"This message is for Alberto and Jacqueline Cardona. This is Andy again from MCS regarding (unintelligible). I've left many messages with no response. I need to know intentions regarding this matter. You can reach me at 760-639-3584. I do have 24 hour voicemail."*

14. The preceding voicemail messages fail to properly disclose that Defendant is a debt collection in violation of 15 U.S.C. § 1692e(11).

15. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *See Russell v. Equifax A.R.S.*,

74 F.3d 30, 33 (2d Cir. 1996).

16. Federal Courts have held that the failure to properly identity oneself as a debt collector in a voicemail message left on an answering machine, or state that a voicemail message was left as an attempt to collect a debt, constituted a valid claim under the FDCPA. *Anchondo v. Anderson, Crenshaw & Associates, LLC,* 583 F.Supp.2d 1278 (D. New Mexico 2008).

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

17. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 16, herein.

18. Defendant's voicemail message failed to disclose to Plaintiff that Defendant was a debt collector, in violation of 15 U.S.C. § 1692e(11).

19. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

20. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of

costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

21. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 16, herein.

22. Defendant's voicemail message failed to disclose to Plaintiff that Defendant was a debt collector, in violation of 15 U.S.C. § 1692e(11).

23. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

24. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

**COUNT III**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 et seq.**

25. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 16, herein.

26. Defendant's voicemail message failed to disclose to Plaintiff that Defendant was a debt collector, in violation of 15 U.S.C. § 1692e(11).

27. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

28. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

**JURY TRIAL DEMAND**

29. Plaintiffs request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  February 18, 2013

                                    MILITZOK & LEVY, P.A.
                                    Attorneys for Plaintiffs
                                    The Yankee Clipper Law Center
                                    3230 Stirling Road, Suite 1
                                    Hollywood, Florida 33021
                                    (954) 727-8570 - Telephone
                                    (954) 241-6857 – Facsimile
                                    mjm@mllawfl.com

                                  By: /s/ Matthew J. Militzok, Esq.
                                    MATTHEW J. MILITZOK, ESQ.
                                    Fla. Bar No.: 0153842